**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAMON MARK LEWIS, ID # 1297035,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:08-CV-1757-B-BH** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS,
AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order dated August 3, 2009, this action has been re-referred for consideration of petitioner's various objections to the prior recommendation that the petition be dismissed as untimely.

On October 30, 2008, this Court recommended that this action be denied as untimely. The original findings and recommendation provided specific notice to petitioner that the Court was sua sponte considering the limitations issue, and the ten-day period for objecting to the recommendation provided him with an opportunity to present his position on that issue. *See, e.g., Bowman v. Warden, Lebanon Corr. Inst.*, No. 1:08-CV-343, 2009 WL 943847, at *4 (S.D. Ohio Apr. 6, 2009) (adopting recommendation of Mag. J.); *Green v. Cal. Dep't of Corr.*, No. 08-08563 DSF (AN), 2009 WL 393780, at *3 (C.D. Cal. Feb. 17, 2009) (same); *Rochester v. McMaster*, No. 8:08-1677-PMD, 2008 WL 5378249, at *7 (D.S.C. Dec. 23, 2008) (same); *Schneider v. Brooks*, No. 06-182 ERIE, 2007 WL 1965428, at *3 n.2 (W.D. Pa. July 3, 2007) (same). Petitioner was also granted additional time to present his position on the timeliness issue.

Petitioner initially objected that the initial handling of this case does not comply with *Day v. McDonough*, 547 U.S. 198 (2006). (*See* Obj'ns, doc. 4.) In *Day*, the Supreme Court recognized

that the federal courts may sua sponte consider the issue of timeliness of a state prisoner's habeas petition. *See* 547 U.S. at 209. "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210. Petitioner's argument was specifically rejected in a related federal action where he challenges a separate but related state conviction. *See Lewis v. Quarterman*, Cause No. 3:08-CV-1755-P (N.D. Tex.). As recognized in that case, different methods of notice comply with *Day*. *Id.* (recognizing that sua sponte recommended dismissals, orders seeking additional information, and preliminary show cause orders asking for an answer on the limitations issue provide adequate notice).

Following his initial objections, petitioner filed an additional response to the timeliness issue. (*See* Petr.'s Resp. Pleadings, doc. 6.) In the response, he asserted (1) a state-created impediment based on *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003); (2) delayed commencement of limitations period due to factual predicate of some claims and a state-created impediment regarding those claims caused by non-disclosure of an order denying the withdrawal of counsel; and (3) equitable tolling. He also raised these very same issues in a related filing in Cause No. 3:08-CV-1755-P. These exact issues were analyzed, considered, and rejected in the consolidated recommendation in *Lewis v. Quarterman*, Cause No. 3:08-CV-1753-P (N.D. Tex.).[1]

In June 2009, petitioner filed more objections (doc. 8) to the Findings, Conclusions, and Recommendation entered in this case. He objects that the magistrate judge in the consolidated case erroneously (1) distinguished *Egerton* as a basis for a state-created impediment; (2) found his factual predicate argument unpersuasive and implicitly rejected his related impediment argument; (3) rejected his assertion of equitable tolling; (4) asserted the date that he pled guilty; (5) asserted his

---

[1] On May 28, 2009, Cause Nos. 3:08-CV-1753-P and 3:08-CV-1756-P were consolidated for purposes of addressing the limitations issue. (*See* Doc. 15 in Cause No. 3:08-CV-1756-P.)

represented status in his various state criminal actions; (6) asserted that the Court issued a full show

cause order in Cause No. 3:08-CV-1753-P; and (7) recommended that his motions for leave to

conduct discovery be denied as moot. Petitioner raised identical objections in his related habeas

cases – in fact, the objections are contained within a single document filed in all four cases. *See*

*Lewis v. Quarterman*, Cause No. 3:08-CV-1753-P (N.D. Tex.); *Lewis v. Quarterman*, Cause No.

3:08-CV-1755-P (N.D. Tex.).

On June 30, 2009, the Court accepted the consolidated recommendation over petitioner's

objections. *See Lewis v. Quarterman*, Cause No. 3:08-CV-1753-P (N.D. Tex.) (order accepting con-

solidated recommendation dated June 30, 2009). The Court also accepted the recommendation in

Cause No. 3:08-CV-1755-P on June 29, 2009, over the same asserted objections, and denied that

petition as untimely the next day. *See Lewis v. Quarterman*, Cause No. 3:08-CV-1755-P (N.D. Tex.)

(order accepting recommendation dated June 29, 2009, and order dated Aug. 7, 2009, clarifying that

court considered the more recent objections). By accepting the recommendations over petitioner's

objections, the Court rejected the objections.

The consolidated recommendation specifically analyzed and considered petitioner's claims

that his petitions are timely under theories of a state-created impediment, delayed discovery of

factual predicate for some claims, and equitable tolling. Because petitioner's objections in this case

are identical to objections already rejected in his three related habeas cases, they provide no basis

to reconsider the recommended denial of this action as untimely.[2] Based on the rulings in peti-

tioner's related habeas actions, and for the reasons stated in the Findings, Conclusions, and Recom-

mendation dated October 30, 2008, as supplemented herein, the Court should find the request for

---

[2] Petitioner's objections 6 and 7 are inapplicable to this case because the Court did not order respondent to file an answer or other response, and petitioner filed no motion for leave to conduct discovery.

3

habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and

**DENY** it with prejudice.

**SIGNED this 10th day of September, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE